474 So.2d 208 (1985)
John Erroll FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 64362, 65961.
Supreme Court of Florida.
June 27, 1985.
Rehearing Denied September 9, 1985.
*209 Joel Lumer and Kathleen Phillips, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
ADKINS, Justice.
This is a consolidated appeal of the resentencing of appellant to death. Jurisdiction is properly invoked pursuant to article V, section 3(b)(1), of the Florida Constitution. We affirm appellant's sentence of death.
On July 15, 1982, this Court affirmed appellant's convictions for first-degree murder but reversed and remanded the causes to the trial court for resentencing upon a proper consideration of the mitigating circumstances under § 921.141(6)(b) and (f), Florida Statutes (1977), relating to appellant's mental state and his ability to appreciate the criminality of his conduct. Ferguson v. State, 417 So.2d 631 (Fla. 1982); Ferguson v. State, 417 So.2d 639 (Fla. 1982). The trial court, Judge Richard S. Fuller presiding, had improperly used a "sanity" type analysis in rejecting these mitigating circumstances. See Mines v. State, 390 So.2d 332, 337 (Fla. 1980), cert. denied, 451 U.S. 916, 101 S.Ct. 1994, 68 L.Ed.2d 308 (1981).
On April 19, 1983, a resentencing hearing was held before Judge Herbert Klein. At that time, appellant made a motion to bring in witnesses to testify as to the mitigating factors. Judge Klein denied that motion referring to this Court's indication that another advisory jury would not be necessary. On May 27, 1983, Judge Klein entered his findings in support of the death sentence, resentencing appellant to death. With regard to mitigation under § 921.141(6)(b) and (f) the trial court stated that "there is some evidence to indicate that the felony was committed while the defendant was under the influence of extreme mental disturbance and that the capacity of the defendant to appreciate the criminality of his conduct so as to conform his conduct to the requirements of law may have been substantially impaired." The trial court concluded its findings in support of the death penalty in stating "that sufficient aggravating circumstances exist for the imposition of the sentence of death and that there are insufficient mitigating circumstances that outweigh the aggravating circumstances." The facts of these now consolidated cases are set forth at 417 So.2d 631 and 417 So.2d 639.
Appellant argues that the trial court erred in refusing to allow an evidentiary hearing for the purpose of resentencing. On remand, the trial court ordered counsel for appellant to make an offer of proof to enable it to determine whether to conduct an evidentiary hearing. The trial court stated that the given offer of proof was insufficient to warrant reopening the case for such hearing. We find that the trial court did not abuse its discretion in refusing to allow an evidentiary hearing.
Appellant next contends that the trial court erred in applying the aggravating factor of a "cold, calculated and premeditated" murder. We disagree. Evidence that the murders committed by appellant were committed in a "cold, calculated and premeditated" manner has always been present in the record before us. We thus find no error in the trial court's consideration of this aggravating circumstance on remand for resentencing. See Spaziano v. State, 433 So.2d 508 (Fla. 1983), aff'd, ___ U.S. ___, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). We further find that nothing in the federal or state constitution prohibited the application of the then new aggravating circumstance to any pending cause presented *210 for sentencing. See Preston v. State, 444 So.2d 939 (Fla. 1984).
Appellant finally argues that his right to confront witnesses was violated when the trial court considered evidence not of record in this case. There is no merit in this contention.
Accordingly, we affirm appellant's sentence of death.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.