PER CURIAM.
Robert Patrick Craig appeals the death sentences imposed on him on resentencing. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We vacate the sentences and remand for a new sentencing proceeding before a.jury.
In July 1981 a jury convicted Craig of two counts of first-degree murder for the deaths of John Eubanks and Walton Robert Farmer and recommended that he be sentenced to death for Farmer’s murder and to life imprisonment for Eubanks’.[1] The trial court, however, imposed two death sentences. This Court affirmed the convictions, but, because the trial court refused to listen to evidence of Craig’s good behavior while incarcerated, remanded for resentencing “by the trial judge only because appellant did not attempt to introduce the good-behavior evidence before the jury but only sought to present it to the judge before sentencing.” Craig v. State, 510 So.2d 857, 871 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). At the time of remand the original trial judge, Wellborn Daniel, was a district court of appeal judge, but he was appointed to conduct the resentencing. When Judge Daniel subsequently left the bench for private practice, Judge Don Briggs took over the case. By written order Judge Briggs informed the parties that he had succeeded Judge Daniel on the case, that a new jury would not be empaneled, and that evidence would be limited to Craig’s “behavior during his incarceration from the time of his arrest through the trial and *176 until the time of sentencing.” Judge Briggs held a sentencing hearing on November 21, 1991,[2] following which he imposed two death sentences.
Craig raises several issues on appeal, one of which is dispositive. In Corbett v. State, 602 So.2d 1240, 1244 (Fla.1992), we held that
a judge who is substituted before the initial trial on the merits is completed and who does not hear the evidence presented during the penalty phase of the trial, must conduct a new sentencing proceeding before a jury to assure that both the judge and jury hear the same evidence that will be determinative of whether a defendant lives or dies. To rule otherwise would make it difficult for a substitute judge to overrule a jury that has heard the testimony and the evidence, particularly one that has recommended the death sentence, because the judge may only rely on a cold record in making his or her evaluation. We conclude that fairness in this difficult area of death penalty proceedings dictates that the judge imposing the sentence should be the same judge who presided over the penalty phase proceeding.
(Emphasis added.) If Craig’s original trial judge, Judge Daniel, had resentenced Craig, Corbett would not apply. Because a substitute judge resentenced him, however, we have no choice but to vacate the death sentences again and direct that a complete, new sentencing proceeding be conducted before a jury. Because Craig’s original jury recommended life imprisonment for Eubanks’ murder, the new jury will recommend a sentence only for Farmer’s murder. The judge, however, will sentence Craig for both murders. We direct the trial court to conduct the new penalty proceeding and to resentence Craig within ninety days of the filing of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion.

. The facts are set out more fully in our prior opinion. Craig v. State, 510 So.2d 857 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).

. This was four and one-half years after our remand for resentencing. The record does not disclose, nor do the parties tell us, why this took so long. We remind all concerned parties— circuit judges, the state, and defense attorneys— that resentencings are to be conducted in a timely manner. Four and one-half years is not timely.