632 So.2d 53 (1993)
John Errol FERGUSON, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 80549.
Supreme Court of Florida.
December 9, 1993.
Rehearing Denied February 24, 1994.
*54 Richard H. Burr, III, New York City, and E. Barrett Prettyman, Jr. and Sara-Ann Determan of Hogan & Hartson, Washington, DC, for petitioner.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
John Errol Ferguson, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction under article V, sections 3(b)(1) and (9) of the Florida Constitution.
Ferguson was convicted of six counts of murder for the execution-style killings of six people in Carol City. He was also convicted of two counts of murder for the killing of a young couple in Hialeah. In each case the jury recommended death on all counts, and *55 the judge followed the jury's recommendation. This Court affirmed the convictions in both cases but remanded for reconsideration of the sentences because the judge failed to properly consider mental mitigation. Ferguson v. State, 417 So.2d 639 (Fla. 1982) (Carol City); Ferguson v. State, 417 So.2d 631 (Fla. 1982) (Hialeah). After a consolidated resentencing hearing, the trial court again imposed all eight sentences of death. This Court affirmed on appeal. Ferguson v. State, 474 So.2d 208 (Fla. 1985). Ferguson then filed a petition for relief pursuant to Florida Rule of Criminal Procedure 3.850, which was denied by the circuit court after an evidentiary hearing. This Court affirmed on appeal. Ferguson v. State, 593 So.2d 508 (Fla. 1992).
This is Ferguson's first habeas petition. He raises four claims: (1) that he is entitled to a new sentencing because a substitute judge sentenced him on remand; (2) that the jury instruction given in each trial on the aggravating factor of heinous, atrocious, or cruel was unconstitutionally vague; (3) that he was denied a fair trial because the trial judge refused defense counsel's request to stop giving Ferguson the antipsychotic drug Haldol; and (4) that appellate counsel was ineffective.
Judge Richard Fuller presided over the original trials and sentencing proceedings in both cases. When this Court remanded for resentencing due to Judge Fuller's failure to properly consider mitigation, a different judge, Judge Klein, heard the case.[1] Without empaneling a jury and without any evidentiary hearing, Judge Klein sentenced Ferguson to death.
Ferguson argues that this process violated the holding in Corbett v. State, 602 So.2d 1240 (Fla. 1992), since he was sentenced by a judge who did not personally hear the aggravation and mitigation. In Corbett, the trial judge died after the conclusion of the guilt and sentencing phases of trial and after the jury had returned a death recommendation. A substitute judge was appointed. He denied Corbett's request for a new sentencing proceeding and, after reviewing the record, sentenced Corbett to death. On appeal, this Court held that Florida Rule of Criminal Procedure 3.700(c), providing for sentencing by a substitute judge after he acquaints himself with the record, was not applicable to death penalty cases in view of the "very special and unique fact-finding responsibilities of the sentencing judge." Corbett, 602 So.2d at 1243. Rather, a judge who is substituted before the initial trial on the merits is completed and who does not hear the evidence presented during the penalty phase of the trial must conduct a new sentencing proceeding before a jury to assure that both the judge and the jury hear the same evidence.
The State first argues that Corbett applies only to situations where a judge is substituted before the initial trial and sentencing are completed and is inapplicable to a resentencing proceeding. This contention was specifically rejected in Craig v. State, 620 So.2d 174 (Fla. 1993), where this Court held that the holding in Corbett applied to a resentencing proceeding.
The State next argues that Corbett is not a fundamental change in the law and should not be applied retroactively. We agree. This Court extensively addressed the retroactivity of case law in Witt v. State, 387 So.2d 922, 925 (Fla.) (quoting United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), noting that it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." We then stated the test for retroactivity as follows:
[O]nly major constitutional changes of law will be cognizable in [collateral proceedings.] ...
In contrast to these jurisprudential upheavals [such as Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. *56 Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
Witt, 387 So.2d at 929-30 (emphasis in original).
We find that Corbett and Craig are not fundamental constitutional changes in the law, but rather "nonconstitutional, evolutionary developments in the law, arising from our case-by-case application of Florida's death penalty statute." Witt, 387 So.2d at 930. As such, they will not be applied retroactively to cases already final.
In any event, we also find that Ferguson has failed to preserve this issue, and his claim is therefore procedurally barred. While counsel at resentencing did request an evidentiary hearing, he failed to raise the grounds now raised  that Judge Klein could not properly evaluate the aggravation and mitigation on the basis of a cold record. This claim was raised on direct appeal from resentencing, but since it was not raised below it was procedurally barred at that time.
Ferguson next argues that the jury instruction on the heinous, atrocious, or cruel aggravator, given at both trials, was invalid under Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). The instruction given at these trials was virtually identical to the instruction held to be unconstitutionally vague in Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990). However, as noted by the State, trial counsel failed to object to the instruction at either trial and this issue was not raised on direct appeal in either case. It is therefore procedurally barred. See, e.g., Turner v. Dugger, 614 So.2d 1075 (Fla. 1992). While counsel did file a motion prior to each trial challenging the constitutionality of Florida's death penalty statute and the vagueness of its aggravating circumstances, including this aggravator, there was no specific objection to the jury instruction. Ferguson's argument that the jury's recommendation was tainted by other aggravators later overturned by this Court is also procedurally barred, as this argument was not raised on direct appeal.
Ferguson next argues that he is entitled to relief under Riggins v. Nevada, ___ U.S. ___, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992). There, the Supreme Court held that the forced administration of antipsychotic medication during a criminal trial was unconstitutional, absent an essential state interest in continuing the medication. Ferguson argues that Riggins was violated in his case because he was on Haldol throughout his trials.
Riggins is inapplicable here. The record reflects that the medication Ferguson received was not involuntary or forced upon him. Testimony indicated that the medication was given to Ferguson in his cell, and he could take it or not  it was completely up to him. In fact, the head nurse at the Dade County Jail Clinic testified at the Hialeah trial that Ferguson was very upset when he didn't receive his medication for a short time after transferring from Raiford, which is completely inconsistent with any assertion that Ferguson was medicated involuntarily. There was never any suggestion of the medical impropriety of Ferguson's medication.
Further, defense counsel never requested on the record that the medication be discontinued. The only even arguable request came at the very end of the original Hialeah sentencing proceeding, when counsel renewed his argument that Ferguson was incompetent and noted that he was receiving a significant amount of medication for his condition. Counsel then suggested that the court might want to sentence Ferguson when he was withdrawn from the medication. We do not construe this as a request that Ferguson be taken off the medication before sentence was pronounced. In any event, if the trial court erred in sentencing Ferguson while he was on medication, since the sentence was then vacated on appeal, the error was rendered moot. Counsel did mention Ferguson's medication at the resentencing proceeding, but this was in the context of mitigation and Ferguson's mental condition; *57 there was no request at that time that the medication be discontinued.
In a supplemental record submitted with this petition, there is an affidavit from trial counsel in which he asserts that he asked on at least two other occasions to have the medication discontinued. These requests are not reflected in the record and were evidently not transcribed. Even assuming that counsel's statements are accurate, this is a far cry from the situation in Riggins, where the medication was forced upon the defendant and counsel objected to the medication's effect on the defendant's demeanor at trial and on the witness stand and alleged that it tainted their defense of insanity. Here, the medication was not involuntary, and the only alleged effect was that it supposedly rendered Ferguson incompetent to stand trial. Ferguson's competency was extensively litigated previously, and the trial court's determination that he was competent was affirmed by this Court on direct appeal. Ferguson, 417 So.2d at 634.
Finally, Ferguson argues that his appellate counsel was ineffective. In order to evaluate such a claim, this Court must determine "first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Pope v. Wainwright, 496 So.2d 798, 800 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987).
Ferguson raises numerous alleged omissions by appellate counsel. We address each of these arguments in turn.
As to Ferguson's first claim, that counsel should have argued that the heinous, atrocious, or cruel aggravator was improperly found, we first note that on the appeal of the original sentencing in the Carol City case this Court "conducted an independent review of the sentencing proceedings and trial court's findings in aggravation and mitigation" and did not strike this aggravator. Ferguson, 417 So.2d at 642. Accordingly, it was reasonable for counsel to conclude that raising this argument on appeal of resentencing would have been futile. Further, the facts of the murders support a finding of heinous, atrocious, or cruel. See Francois v. State, 407 So.2d 885, 890 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982); White v. State, 403 So.2d 331, 338-39 (Fla. 1981) (rejecting Ferguson's accomplices' claims that murders were not heinous, atrocious, or cruel), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983). Counsel cannot be ineffective for failing to raise a meritless claim.
Turning to the Hialeah case, there is no question that the rape and murder of Belinda Worley were heinous, atrocious, or cruel. As to Brian Glenfeld, the evidence reflects that he was shot in the arm and chest while in the car. These shots were not fatal, although they caused profuse bleeding. After raping and killing Worley, Ferguson returned to the car and shot Glenfeld in the head. This was sufficient to support a finding of this aggravator.
There was also sufficient evidence in the Hialeah case to support the finding that the murder was committed to avoid arrest. See Swafford v. State, 533 So.2d 270 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989). More importantly, both the heinous, atrocious, or cruel and the avoiding arrest aggravator were discussed by this Court on direct appeal, and neither was overturned. Ferguson, 417 So.2d at 636. Accordingly, it would have been reasonable for counsel to consider any argument on these aggravators to be futile and to refrain from making such arguments.
In support of his next claim, that if counsel had been effective Ferguson would have been given a remand for resentencing before a jury after certain aggravators were stricken on appeal, Ferguson cites Elledge v. State, 346 So.2d 998 (Fla. 1977). Elledge is distinguishable from this case, and we have made it clear that a death sentence may be affirmed where an aggravator is stricken as long as the Court is convinced that the error was harmless, as was the case here. See Hamblen v. Dugger, 546 So.2d 1039, 1041 *58 (Fla. 1989) (distinguishing Elledge and noting appropriateness of harmless error analysis where aggravators are stricken).
Ferguson next argues that counsel was ineffective for failing to argue that the trial court should have sua sponte conducted a competency hearing in the middle of the Carol City trial when Ferguson began acting strangely. Since four experts had unanimously concluded only two weeks before the Carol City trial that Ferguson was competent, and three months after the Carol City trial another competency hearing was held and Ferguson was found to be competent, this claim would have been without merit, and counsel was not ineffective for failing to raise it. While Ferguson exhibited some strange behavior during his trial, none of it was of such magnitude that the failure to conduct yet another competency hearing would have been fundamental error.
We also reject Ferguson's claim that counsel was ineffective for failing to appeal the trial court's finding of competency in the Carol City trial. Three months after this trial there was a competency hearing which simultaneously served as a pretrial hearing for the upcoming Hialeah trial and a nunc pro tunc competency hearing for the Carol City case. The court's finding that Ferguson was competent was appealed in the Hialeah case, and his argument rejected. Ferguson, 417 So.2d at 634. The same argument would have been rejected had it been made in the other case.
Ferguson's argument that counsel was ineffective for failing to raise a proportionality argument is similarly without merit, as the death sentences are clearly proportionate. While Ferguson undoubtedly has some mental problems, he has murdered eight people, and all the murders had significant aggravation. We also reject Ferguson's related argument that this Court erred in failing to conduct an independent proportionality review. The mere fact that proportionality is not mentioned in the written opinion does not mean that no proportionality review was conducted. See Booker v. State, 441 So.2d 148, 153 (Fla. 1983).
Ferguson next argues that appellate counsel was ineffective for failing to raise the issue of the separation of the Hialeah jury during deliberations. Such a claim is not cognizable in the absence of a contemporaneous objection by trial counsel, as long as adequate cautionary instructions are given to the jury. Pope v. State, 569 So.2d 1241, 1243-44 (Fla. 1990). Here, there was no objection by trial counsel, and the court told the jury that they were not to discuss the case. This instruction in combination with the numerous prior instructions was adequate to ensure a fair trial. This claim is therefore without merit.
Ferguson next argues that counsel was ineffective for failing to have transcribed some portions of the record  voir dire, most of the charge conference, and the end of a discussion of whether Ferguson would testify. Had appellate counsel asserted error which went uncorrected because of the missing record, or had Ferguson pointed to errors in this petition, this claim may have had merit. However, Ferguson has now obtained a transcript of the voir dire and does not point to any portions of those transcripts which reveal error. As to those portions which are still not transcribed, Ferguson points to no specific error which occurred during these time periods. Under these circumstances, we reject this claim.
Ferguson's next asserted omission on the part of appellate counsel relates to his failure to raise allegedly improper comments by the prosecutor at the penalty phase of the Hialeah trial. None of these comments were objected to by trial counsel, so they were not preserved for appeal. Appellate counsel cannot be ineffective for failing to raise claims which were not preserved due to trial counsel's failure to object. See, e.g., Kelley v. Dugger, 597 So.2d 262, 263 (Fla. 1992); Roberts v. State, 568 So.2d 1255, 1261 (Fla. 1990). Even if this claim had been raised on direct appeal, we would have found it to be without merit. None of the comments rise to the level of fundamental error.
Finally, we find without merit Ferguson's claim that counsel should have appealed the trial court's denial of a motion for a change of venue in both trials. A motion for a *59 change of venue is addressed to the trial court's sound discretion, and there has been no abuse of discretion demonstrated here. See, e.g., Davis v. State, 461 So.2d 67, 69 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). Further, the issue was not preserved for review in the Hialeah case because counsel never sought a ruling on his motion.
Having reviewed Ferguson's extensive claims of ineffective assistance of appellate counsel, we find that he has failed to establish either deficient performance or prejudice. We therefore reject this claim.
For the foregoing reasons, Ferguson's petition for a writ of habeas corpus is denied.
It is so ordered.
OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.
SHAW, J., dissents.
NOTES
[1] Judge Fuller had retired from the bench and moved to Colorado.