COBB, J.
The appellant, Robert Craig, appeals the denial of his Rule 3.850 motion for postconviction relief. In 1981, Craig was convicted of two counts of first degree murder arid received two death sentences. The Florida Supreme Court reversed the sentences and remanded for a new penalty phase. See Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). On remand the trial court again sentenced Craig to death. The Florida Supreme Court vacated the sentence and remanded. See Craig v. State, 620 So.2d 174 (Fla.1993). On second remand the trial court again sentenced Craig to death. The Florida Supreme Court again vacated the sentence and remanded. See Craig v. State, 685 So.2d 1224 (Fla.1997). On the third remand the trial court, on May 4, 1998, finally sentenced Craig to two consecutive terms of life imprisonment. Meanwhile, on August 11, 1997, Craig’s counsel filed a hybrid motion for postconvietion relief alluding to habeas corpus, coram nobis and prohibition simultaneously in the Lake County Circuit Court and in the Florida Supreme Court. The circuit court held an evidentiary hearing on this motion on August 25-26, 1997, but did not rule on it at the time. The filing in the Florida Supreme Court was in an improper forum,[1] and was dismissed by that court by order dated December 29, 1997. That order stated the denial was “without prejudice to raise the same issues in a postconviction motion” — obviously a- reference to a prospective 3.850 motion in circuit court. Nevertheless, Craig’s counsel waited two years and four months after the supreme court suggestion to file the 3.850 motion in circuit court, said motion setting forth exr actly- the same claims as those in the 1997 motion, upon which the evidentiary hearing had been held. The trial court entered a detailed order denying relief. The court considered each claim separately and recounted the evidence (including the evi *1007 dence presented at the 1997 hearing) and reasons for denial. That order forms the basis of the instant appeal.
We affirm. The fact that Craig’s counsel improperly filed his 1997 motion for postconviction relief simultaneously in two courts should not entitle him to two hearings on the same issues. It should be noted that most of the grounds set forth in Craig’s 3.850 motion, purporting to set forth “newly discovered evidence” entitling Craig to discharge or new trial, relate to matters known to the defense since the 1981 trial — a matter of some 20 years. This is not newly discovered evidence; it is ancient history. None of the grounds asserted justify a new trial pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Craig has been afforded an evidentiary hearing on the issues raised by his motion and it is time to conclude this matter. As shown by the factual synopses of this case explicated in the various Florida Supreme Court opinions dealing with it, it is clear that Craig and his codefendant, Schmidt, were guilty of the brutal, premeditated murder of two men in order to conceal their own criminal activity of cattle theft. Indeed, the Florida Supreme Court determined that there was overwhelming evidence that Craig was guilty of two counts of first-degree murder. Craig v. State, 510 So.2d 857, 866 (Fla.1987). Craig has been afforded an abundance of due process in regard to his conviction, sentence, and surfeit of postconviction claims in this case. Enough is enough.
AFFIRMED.
PALMER, J., concurs.
SHARP, W., J., dissents with opinion.

. Contrary to the representation of Craig’s counsel to the circuit court, this filing did not divest the circuit court of jurisdiction since jurisdiction in respect to such motion was denied by the supreme court.