SHARP, W., J.,
dissenting.
I respectfully dissent. In my view, Craig has not been afforded a full and complete 3.850 hearing as was contemplated and directed by the Florida Supreme Court.[1] An evidentiary hearing is required where the record does not conclusively demonstrate that the movant is not entitled to relief. See, e.g., Lightbourne v. State, 471 So.2d 27 (Fla.1985). " In this case, the trial court’s sole reliance upon the 1997 court record violated an agreement made by all the parties — that the 1997 hearing to perpetuate testimony was not to be deemed a 3.850 proceeding. Thus, Craig was denied the opportunity to present all of his.evidence surrounding his 3.850 motion filed in 2002.
This case has a lengthy history. In 1981, Craig was convicted of two counts of first degree murder and received two death sentences. The Florida Supreme Court reversed the death sentences imposed by the trial court three times.[2] On the third remand for resentencing in 1997, the trial court imposed two consecutive terms of life imprisonment.
On August 11, 1997, prior to the last resentencing, Craig filed a motion for new trial/petition for habeas corpus in the trial court. He also simultaneously filed a petition for writ of habeas corpus/error coram nobis in the Florida Supreme Court, which alleged essentially the same grounds. The Florida Supreme Court accepted jurisdiction, which divested the trial court of jurisdiction to rule on the motion filed before *1008 it.[3] The trial court made no ruling or findings. However, it held an extensive hearing which was transcribed, “to perpetuate testimony” concerning the newly discovered evidence claims, and in addition, the parties took numerous discovery depositions.
In the Florida Supreme Court, Craig sought various forms of relief: immediate release based on his petition, remand for the trial court to consider the motion/petition which had been simultaneously filed below, and leave to pursue a new trial by writ of error coram nobis. Traditionally, only appellate courts could issue writs of coram nobis and if a petition filed in the appellate court was legally sufficient, it would direct a trial court to determine the truth of the allegations in an appropriate evidentiary' hearing. See Hallman v. State, 371 So.2d 482 (Fla.1979), abrogated on other grounds, Jones v. State, 591 So.2d 911 (Fla.1991); Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981). But, the 1984 amendment to Florida Rule of Criminal Procedure 3.850 supplanted the “ancient” writ of error coram nobis, in Florida, and newly discovered evidence claims are now brought directly in the trial courts. See Scott v. Dugger, 604 So.2d 465 (Fla.1992); Richardson v. State, 546 So.2d 1037 (Fla.1989).
Thus, after having accepted jurisdiction, the Florida Supreme Court denied Craig’s petition for writ of error coram nobis without prejudice to file a motion in the trial court pursuant to rule 3.850. In so doing, it indicated Craig was entitled to a full 3.850 consideration.
The current 3.850 ‘motion before us, was filed on April 27, 2000. It asserts newly discovered evidence claims and ineffective assistance of trial counsel claims. The newly discovered evidence claims basically parallel those raised in the 1997 perpetuation of testimony proceeding:
1) Prosecutorial Misconduct — improperly eliciting from defense witnesses during the trial confidential information relating to defense trial strategy and planned defense testimony, through the use of alcohol and deception;
2) Suborning Perjury — allowing the co-defendant to testify at the trial that Craig was the more culpable in carrying out the two murders than he was, when the prosecutor knew or should have known the- testimony was untrue;
3) Withholding from the Defense an Exculpatory Statement Made by the Co-Defendant — that he laughed in the faces of the prosecution after making a “deal” to testify against Craig in exchange for life sentence;
4) Misconduct by the Prosecutor — during the trial by getting down on his knees and simulating the victims begging for their lives, a circumstance which was not supported by the evidence;
5) Withholding from the Defense — that the prosecution improperly offered a jail inmate, Wright, freedom if he falsely testified against Craig that he had confessed to the murders;
6) Incompetence of Trial Counsel — allegations that counsel did not object to or did not seek to reconstruct the record after the court reporter was observed sleeping during part of the prosecution’s closing argument at the guilt phase of the trial;
7) Incompetence of Trial Counsel — not objecting to prosecutorial misconduct during closing argument; and
8) Incompetence of Trial Counsel — in advising Craig to invoke his Fifth Amendment right to remain silent when asked *1009 about Ms role in cattle thefts from one of the victims.
The circuit court relied entirely on the 1997 hearings in making findings and rulings on the current rule 3.850 motion. It refused to take additional testimony or hear other witnesses.
With regard to the incompetence of counsel claims, the circuit court found there was no evidence to support the claim of the court reporter failing to record all of the prosecutor’s closing argument during the guilt phase of the trial. Thus, it concluded trial counsel did not fail to objéct to improper conduct by the prosecution, since it did not occur, and if it did occur during the penalty phase, it is irrelevant since that sentence of death no longer' exists. The circuit court also rejected Craig’s claim that his counsel erred in misadvising him to take the Fifth Amendment regarding the cattle rustling charge. It found, based on a review of the trial transcript, that this was a “strategic” decision and did not deprive Craig of effective assistance of counsel. See Spaziano v. Singletary, 36 F.3d 1028, 1039-1041 (11th Cir.1994); Songer v. State, 419 So.2d 1044 (Fla.1982); McNeal v. State, 409 So.2d 528 (Fla. 5th DCA 1982).
With regard to the newly discovered evidence claims, the trial court denied relief by making findings and resolving conflicting evidence in favor of -the state, based on the 1997 hearing held to perpetuate testimony. It concluded that even if the prosecutor met with defense witnesses over drinks in a bar at a hotel lounge during the trial, and improperly elicited confidential information, Craig failed to show any prejudice. It found the prosecutor did not suborn perjury through the co-defendant’s testimony and thus the prosecutor did not commit misconduct by failing to provide Craig with an exculpatory statement made by the co-defendant since no such statement was made. It also found the prosecutor committed no misconduct during the trial (getting down on his hand and knees, etc.) during the guilt phase of the trial. It also found that even had the jail house testimony that prosecutors tried to get a jail inmate to testify Craig confessed to the crimes, it would have made no difference in the outcome since the evidence of Craig’s guilt was overwhelming.
Defense counsel argues here that it was improper for the circuit court to make findings based solely on the 1997 eviden-tiary hearing held to perpetuate testimony. Since the trial judge is one and the same who heard that testimony, I am reluctant to conclude that this whole matter must be begun again from scratch. However, Craig should be allowed a full and fair hearing of his collateral remedies.
At the 1997 hearing, the trial judge and attorneys for both sides agreed that such a hearing should go forward “to perpetuate” testimony. But, as defense counsel stressed and the trial judge agreed, the hearing would remain “open,” for later presentation of witnesses not then available to the defense or the. state. Further, defense counsel explained the hearing could not constitute a full 3.850 proceeding because sentencing issues were still pending in the trial court and the defense was unwilling to face the bar of “successive” motions in a later 3.850 proceeding, which would require Craig to present all of his collateral attack evidence or allegations at that time.
I would remand this cause to the trial court for further proceedings. Craig and/or the state should be allowed to present additional witnesses relating to the newly discovered evidence claims which were pending in the 1997 proceeding, which were not then available to them at that hearing. In addition, Craig should be *1010 permitted to address at an evidentiary hearing additional newly discovered evidence issues raised in this proceeding which were not raised in the prior proceeding, as well as other collateral attack issues raised in this proceeding, about which there is a dispute of fact. The trial court should resolve any such factual disputes, and make findings and conclusions of law therefrom, based on the whole record. It should not, however, be foreclosed from re-adopting the findings it made, based on the 1997 hearing.
Only after a full hearing is afforded to Craig can we say “enough is enough,” no matter how evil we view the crimes he committed.

. Order dated December 29, 1997 by Sid J. White, Clerk, Supreme Court.

. See Craig v. State, 685 So.2d 1224 (Fla.1997); Craig v. State, 620 So.2d 174 (Fla.1993); Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).

. See Chapman v. Universal Underwriters, Ins., 549 So.2d 679 (Fla. 1st DCA 1989).