837 So.2d 343 (2002)
Paul Beasley JOHNSON, Petitioner,
v.
Michael W. MOORE, etc., Respondent.
No. SC01-2182.
Supreme Court of Florida.
September 26, 2002.
Rehearing Denied January 29, 2003.
*344 Michael P. Reiter, Capital Collateral Regional CounselNorthern Region, and Heidi E. Brewer, Assistant CCRC, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Candance M. Sabella, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Paul Beasley Johnson petitions this Court for writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.
Johnson was convicted of three counts of first-degree murder, two counts of armed robbery, kidnapping, arson, and two counts of attempted first-degree murder. The trial court imposed three death sentences. The facts of this case are more fully set forth in our opinion in Johnson's direct appeal, where this Court affirmed Johnson's convictions and sentences. See Johnson v. State, 608 So.2d 4, 6 (Fla.1992) (Johnson I). Johnson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief, and we affirmed that denial. See Johnson v. State, 769 So.2d 990, 992 (Fla.2000) (Johnson II). Johnson has now filed with this Court the instant petition for a writ of habeas corpus which raises ten claims.[1] We deny Johnson's petition for a writ of habeas corpus.
Johnson first asserts that his appellate counsel was ineffective for failing to ensure that the record on appeal was complete. *345 When evaluating an ineffective assistance of appellate counsel claim raised in a writ of habeas corpus, this Court must determine,
first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.
Pope v. Wainwright, 496 So.2d 798, 800 (Fla.1986). "The defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based." Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000). Johnson's first claim is without merit. Johnson's appellate counsel filed a supplemental motion with this Court on direct appeal requesting reconstruction of the record. This Court denied the motion as being without merit. See Johnson I, 608 So.2d at 13 ("There is no merit in Johnson's argument that we should have granted his motion to reconstruct the record."). Thus, Johnson has not shown that his appellate counsel was deficient for failing to raise this issue. See Rutherford v. Moore, 774 So.2d 637, 645 (Fla.2000) ("[I]f an issue was actually raised on direct appeal, the Court will not consider a claim that appellate counsel was ineffective for failing to raise additional arguments in support of the claim on appeal."). Johnson also alleges that appellate counsel failed to include missing record items (some of which are now unavailable) including the court reporter's tapes, the written slips that were used to communicate peremptory challenges to the trial court, a newspaper article relating to Johnson's case, and transcripts of unrecorded discussions occurring during several bench conferences. Johnson claims that his appellate counsel's failure to secure those items has prejudiced his ability to appeal issues regarding voir dire and the trial court's denial of Johnson's motion to suppress statements made by a jailhouse informant.
Johnson argues generally that these missing items would have aided his direct appeal, but he does not point to specific errors that occurred due to the omissions of this material. In Thompson v. State, 759 So.2d 650, 660 (Fla.2000), this Court rejected a similar claim and stated:
We have previously rejected a similar claim that appellate counsel was ineffective for failing to have transcribed portions of the record, including parts of voir dire, the charge conference, and a discussion of whether the defendant would testify. See Ferguson v. Singletary, 632 So.2d 53, 58 (Fla.1993). We reasoned that "[h]ad appellate counsel asserted error which went uncorrected because of the missing record, or had [the defendant] pointed to errors in this petition, this claim may have had merit." Id. However, because the defendant "point[ed] to no specific error which occurred" during the portions of the record that remained untranscribed, we concluded that appellate counsel was not ineffective. Id.; see also Turner v. Dugger, 614 So.2d 1075, 1079-80 (Fla. 1992) (finding defendant had not been prejudiced by failure of counsel to have charge conference transcribed). As with the defendant in Ferguson, Thompson has not pointed to any errors that occurred during the untranscribed portions of the proceedings.
(Alterations in original.) Similarly, Johnson has not demonstrated that the deficiencies he generally alleges undermine confidence in the correctness of his sentence. *346 See Pope, 496 So.2d at 800. Johnson is not entitled to relief on this claim.
Johnson's second claim asserts that appellate counsel was ineffective for failing to raise the claim that Johnson was absent for certain challenges during voir dire examination. The trial court imposed a process for challenging potential jurors, whereby counsel for each side submitted written notes to the judge indicating the challenged jurors. The judge then announced the jurors who would be dismissed. The record does reflect that Johnson was not at the bench when Johnson's counsel delivered to the trial judge the notes listing the challenged jurors. However, the record also reflects that Johnson was in the courtroom during the time the notes were delivered, was present when the jurors were examined in open court, and was with his counsel when the decisions as to who would be challenged were made. The delivery of notes listing challenged jurors only informed the trial court of Johnson's decisions. Johnson was not deprived of his ability to consult with his trial counsel when the peremptory challenges were being exercised, as was the defendant in Francis v. State, 413 So.2d 1175, 1177 (Fla.1982). We conclude that Johnson was not prejudiced by the procedure used, and thus we hold that Johnson has not demonstrated that he is entitled to relief on this issue.
Johnson's third claim asserts that appellate counsel was ineffective for failing to challenge the facial validity of the instructions on the aggravating factors. This challenge involves four subclaims.
Johnson's first subclaim is that appellate counsel was ineffective for failing to raise a facial challenge to the cold, calculated, and premeditated (CCP) instruction. Johnson raised the claim of ineffective assistance of trial counsel for failing to object to the CCP instruction in his 3.850 motion, and the circuit court summarily denied the claim as being without merit. The circuit court stated:
The trial in the instant case concluded prior to the decision in Jackson v. State, 648 So.2d 85 (Fla.1994). The trial court instructed the jury that in order for the cold, calculated and premeditated aggravator to apply they must find a "heightened degree of calculated premeditation or methodical intent." (R. 3609.) The instruction attempted to provide the jury with guidance in analyzing the applicability of the aggravator. The defendant failed to demonstrate that counsel's actions were deficient or prejudicial.
State v. Johnson, No. CF 81-0112A1, order at 5 (Fla. 10th Cir. Ct. order filed January 28, 1997). Additionally, the record shows that the CCP instruction given was broader than the standard instruction and was substantially as requested by defense counsel. This Court affirmed the postconviction court's denial. Johnson's direct appeal also occurred before the Jackson decision was decided. Appellate counsel cannot be considered ineffective for failing to challenge a jury instruction on the basis of decisions that had not yet been decided. Cf. Downs v. State, 740 So.2d 506, 518 (Fla.1999).
Johnson's second subclaim addresses the heinous, atrocious, or cruel (HAC) instruction. This subclaim is procedurally barred because this Court addressed this claim in Johnson I, 608 So.2d at 13. See Parker v. Dugger, 550 So.2d 459, 460 (Fla.1989) ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised on appeal...."). Johnson's third subclaim challenges the avoid arrest instruction. Johnson concedes that this issue is procedurally barred as having been found without merit by the postconviction court. See id.
*347 Johnson's final subclaim challenge is that the pecuniary gain instruction is facially invalid. This claim is without merit because Johnson's trial counsel agreed to the instruction for pecuniary gain. Appellate counsel cannot be deemed ineffective for failing to raise a claim that was not preserved below or that is without merit. See Rutherford, 774 So.2d at 646.
Johnson's fourth claim asks this Court to revisit the issue of whether the trial court erred by refusing to find the existence of mitigation. We find this claim to be procedurally barred because this claim was addressed on direct appeal. See Parker, 550 So.2d at 460 ("[H]abeas corpus petitions are not to be used for additional appeals on questions which ... were raised on appeal....").
Johnson's fifth claim is that appellate counsel was ineffective for failing to raise the issue that the jury was misled by court instructions and State comments. There was no objection to the trial court's instructions or the State's comments, and appellate counsel cannot be deemed ineffective for failing to raise this issue unless the alleged error constitutes fundamental error. See Rutherford, 774 So.2d at 646. Johnson, however, does not cite to any case in support of his contention that the trial court's actions constituted error much less fundamental error. Therefore, Johnson is not entitled to relief on this claim.
Johnson's sixth claim is that appellate counsel was ineffective for failing to raise the issue that in the penalty phase, the burden of proof was shifted to Johnson to prove that a sentence of death was inappropriate. This claim is without merit because the instructions did not shift the burden to the defendant to prove that a death sentence was inappropriate. Cf. Teffeteller v. Dugger, 734 So.2d 1009, 1024 (Fla.1999). Appellate counsel cannot be deemed ineffective for failing to raise a meritless issue. See Lambrix v. Singletary, 641 So.2d 847, 848-49 (Fla.1994).
Johnson's seventh claim is that appellate counsel was ineffective for failing to raise the claim that the State improperly introduced nonstatutory aggravating factors during closing argument and during the cross-examination of Johnson's witness, Dr. Gary Ainsworth. Johnson claims that the State improperly introduced references to Johnson's personality disorders, his inability to conform his conduct to the law, and his past drug use. Johnson's trial counsel did not object to the State's closing argument, and appellate counsel cannot be deemed ineffective for failing to raise unpreserved claims. See Rutherford, 774 So.2d at 646. Additionally, this Court rejected the merits of the closing argument error claim in Johnson II, 769 So.2d at 1004 ("[W]hile there were several objectionable comments made during closing arguments, the argument as a whole was proper."). Therefore, Johnson's closing argument portion of this ineffective assistance of appellate counsel claim is without merit, and the closing argument did not constitute fundamental error. See id.
Johnson's trial counsel did object to the State's cross-examination of Dr. Ainsworth, and appellate counsel did not raise the issue on appeal. Johnson's habeas claim, however, focuses on the closing argument and does not demonstrate how appellate counsel was "measurably outside the range of professionally acceptable performance" for failing to raise the issue that the prosecutor's statements erroneously introduced nonstatutory aggravating circumstances to the jury. Pope, 496 So.2d at 800. Thus, Johnson's claim is insufficiently pled, and we find no fundamental error in the State's cross-examination.
*348 Johnson's eighth claim is that appellate counsel was ineffective for failing to raise the claim that the trial court erred in refusing to grant Johnson's challenges for cause. This issue is procedurally barred and without merit because the substance of this claim was raised and rejected by this Court on both direct appeal and postconviction appeal. See Rutherford, 774 So.2d at 645 ("[I]f an issue was actually raised on direct appeal, the Court will not consider a claim that appellate counsel was ineffective for failing to raise additional arguments in support of the claim on appeal.").
Johnson's ninth claim is that appellate counsel was ineffective for failing to raise the claim that Johnson's sentence rests upon an unconstitutionally automatic aggravating circumstance based on the underlying felonies. This claim was preserved but was not raised on appeal. Therefore, Johnson's ineffective assistance of appellate counsel claim is not procedurally barred. However, this Court has repeatedly rejected Johnson's claim as being without merit. See Blanco v. State, 706 So.2d 7, 11 (Fla.1997) ("Eligibility for this aggravating circumstance is not automatic...."). Appellate counsel cannot be ineffective for failing to raise a claim that would have been rejected on appeal. See Lambrix, 641 So.2d at 848-49.
Johnson's final claim is that appellate counsel was ineffective for failing to raise the claim that the trial court erred in denying Johnson's motion to declare Florida's death penalty statute unconstitutional. This claim was preserved but was not raised on appeal. Therefore, Johnson's ineffective assistance of appellate counsel claim is not procedurally barred. However, this Court has consistently rejected as being without merit claims that are identical to Johnson's claim. See, e.g., Waterhouse v. State, 792 So.2d 1176, 1181 n. 10 (Fla.2001). Appellate counsel cannot be found ineffective for failing to raise a meritless issue. See Lambrix, 641 So.2d at 848-49.
Because all of Johnson's claims are either without merit or procedurally barred, we deny the petition for writ of habeas corpus.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, and LEWIS, JJ., and HARDING, Senior Justice, concur.
QUINCE, J., recused.
NOTES
[1] In this petition, Johnson alleges: (1) appellate counsel was ineffective for failing to ensure that the record on appeal was complete; (2) appellate counsel was ineffective for failing to raise the issue that Johnson was absent from critical stages of the trial; (3) appellate counsel was ineffective for failing to raise the claim that the jury weighed invalid aggravating circumstances; (4) this Court should revisit the issue that the sentencing judge erred by refusing to find the existence of mitigation; (5) appellate counsel was ineffective for failing to raise the issue that the jury was misled by court instructions and State comments; (6) appellate counsel was ineffective for failing to raise the issue that in the penalty phase, the burden of proof was shifted to Johnson to prove that death was inappropriate; (7) appellate counsel was ineffective for failing to raise the claim that the State improperly introduced nonstatutory aggravating factors; (8) appellate counsel was ineffective for failing to raise the claim that the trial court erred in refusing to grant Johnson's challenges for cause; (9) appellate counsel was ineffective for failing to raise the claim that Johnson's sentence rests upon an unconstitutionally automatic aggravating circumstance; and (10) appellate counsel was ineffective for failing to raise the claim that the trial court erred in denying Johnson's motion to declare Florida's death penalty statute unconstitutional.