PER CURIAM.
John Errol Ferguson, a prisoner under sentence of death, appeals the circuit court’s order denying his second successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.851 and appeals the order denying his motion for competency determination. We have jurisdiction. Art. V, § 8(b)(1), Fla. Const. For the reasons stated below, we affirm the circuit court’s order denying relief and order denying Ferguson’s motion for competency determination.
BACKGROUND
Ferguson was convicted of six counts of first-degree murder and two counts of attempted first-degree murder and sentenced to death. We affirmed the judgment on direct appeal, but remanded for resentencing for proper consideration of mitigating circumstances under section 921.141(6)(b) and (f), Florida Statutes (1977), because the trial judge improperly used a sanity-type analysis to reject these circumstances. Ferguson v. State, 417 So.2d 639, 645 (Fla.1982). Ferguson was separately convicted of another two counts of first-degree murder, one count of involuntary sexual battery, one count of robbery, one count of attempted robbery, one count of unlawful possession of a firearm while engaged in a criminal offense, and one count of possession of a firearm by a convicted felon, and sentenced to death. Ferguson v. State, 417 So.2d 631, 633, 638 (Fla.1982). We affirmed the judgment and remanded for resentencing for reconsideration of mitigating circumstances. Id. at 638.
The trial court resentenced Ferguson for both cases and again sentenced Ferguson to death, which we affirmed on direct appeal. Ferguson v. State, 474 So.2d 208, 210 (Fla.1985). Ferguson then filed a petition for writ of quo warranto and a petition for writ of prohibition. This Court denied both. Ferguson v. Martinez, 515 So.2d 229 (Fla.1987) (petition for writ of quo warranto denied) (table); Ferguson v. Snyder, 548 So.2d 662 (Fla.1989) (petition for writ of prohibition denied) (table). Thereafter, this Court affirmed the post-conviction court’s denial of Ferguson’s initial motion for postconviction relief. Ferguson v. State, 593 So.2d 508, 513 (Fla.1992). Later, we denied Ferguson’s petition for writ of habeas corpus. Ferguson v. Singletary, 632 So.2d 53, 59 (Fla.1993). Ferguson filed a successive motion for postconviction relief, which the circuit court denied. We affirmed the circuit court’s denial. Ferguson v. State, 789 So.2d 306, 315 (Fla.2001). Ferguson also sought habeas corpus relief in the federal courts. See Ferguson v. Sec’y for Dep’t of Corr., 580 F.3d 1183 (Fla. 11th Cir.2009), cert. denied, Ferguson v. McNeil, — U.S. *364 -, 180 S.Ct. 3360, 176 L.Ed.2d 1263 (2010).
Ferguson filed the instant motion pursuant to Florida Rule of Criminal Procedure 3.851 after Governor Rick Scott signed his death warrant on September 5, 2012, with execution set for October 16, 2012. He raised four claims.[1] Additionally, he filed a motion for determination of competency. The circuit court denied relief on all post-conviction claims and denied the motion for determination of competency. Ferguson appeals the denial of both motions. He argues that: (A) Florida’s execution protocol violates the separation of powers provision of the Florida Constitution; (B) he was unconstitutionally denied an opportunity to participate in his clemency investigation and proceedings; (C) the postcon-viction court erred in ruling that Florida’s death warrant selection process, as applied to Ferguson, did not violate the Eighth and Fourteenth Amendments; (D) his punishment is cruel and unusual in violation of the Eighth and Fourteenth Amendments; and (E) the circuit court erred by summarily denying his motion for determination of competency after expressly finding that “Mr. Ferguson undoubtedly suffers from mental illness.” For the reasons set forth below, we now affirm the circuit court’s orders denying postconviction relief and denying Ferguson’s request for a competency determination.
ANALYSIS
Ferguson’s postconviction claims are governed by rule 3.851. Whenever a movant makes a facially sufficient claim that requires a factual determination, the circuit court must hold an evidentiary hearing. Amendments to Fla. Rules of Crim. Pro. 3.851, 3.852, & 3.993, 772 So.2d 488, 491 n. 2 (Fla.2000); see also Reynolds v. State, 99 So.3d 459 (Fla.2012); Walker v. State, 88 So.3d 128, 135 (Fla.2012). However, ‘“claims may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record.’ ” Marek v. State, 8 So.3d 1123, 1127 (Fla.2009) (quoting Connor v. State, 979 So.2d 852, 868 (Fla.2007)). Additionally, rule 3.851(d) provides time limitations. Specifically, the rule provides:
(1) Any motion to vacate judgment of conviction and sentence of death shall be filed by the prisoner within 1 year after the judgment and sentence become final. For the purposes of this rule, a judgment is final:
(A) on the expiration of the time permitted to file in the United States Supreme Court a petition for writ of certio-rari seeking review of the Supreme Court of Florida decision affirming a judgment and sentence of death (90 days after the opinion becomes final); or
(B) on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed.
Fla. R. Crim P. 3.851(d)(1). “Because a postconviction court’s decision whether to grant an evidentiary hearing on a rule 3.851 motion is ultimately based on written *365 materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review.” Marek, 8 So.3d at 1127 (citing State v. Coney, 845 So.2d 120, 137 (Fla.2003)).
Separation of Powers
In his first claim on appeal, Ferguson argues that section 922.105, Florida Statutes (2006), constitutes an unconstitutional delegation of powers by the Florida Legislature to the executive branch because there are insufficient guidelines provided in the statute. The circuit court found the claim time-barred. The circuit court found that the claim became ripe on June 1, 2010, the same day the United States Supreme Court denied Ferguson’s petition for writ of certiorari. On the merits, the circuit court found that it was bound by this Court’s rulings in Power v. State, 992 So.2d 218, 220 (Fla.2008); Diaz v. State, 945 So.2d 1136, 1142-43 (Fla.2006); and Sims v. State, 754 So.2d 657, 670 (Fla.2000), all of which rejected the claim that Florida’s lethal injection statute violates the Separation of Powers Doctrine. Relating to Ferguson’s claim that the “last minute” changes to the protocol are constitutionally dubious, the circuit court found the claim timely raised, but found that the changes do not constitute a violation of separation of powers. In dicta, the circuit court noted that the chemical in question, vecuronium bromide, has been a component of the lethal injection protocol in Oklahoma since 2003.[2] Based on our reasoning stated below, we find that the circuit court properly denied this claim.
The circuit court rejected Ferguson’s claim of unconstitutional delegation as untimely filed, stating that the issue became ripe on June 1, 2010 — when Ferguson’s judgment became final after the federal court denied habeas relief and the United States Supreme Court denied Ferguson’s petition for writ of certiorari. The State asserts that this claim was ripe for review at any time because the statute has not changed. Ferguson argues that the claim is not ripe until a death warrant is signed because otherwise a prisoner cannot be certain under which protocol he is to be executed. Because we find that Ferguson has not based his claim on facts that occurred during a recent execution, we agree with the circuit court that this claim was untimely filed. See, e.g., Schwab v. State, 969 So.2d 318, 321 (Fla.2007) (finding that Schwab’s lethal injection protocol claim was not proeedurally barred because he relied on the execution of Angel Diaz, “a claim that did not exist when lethal injection was first authorized.”). Because the claim was untimely, we decline to address the merits.
Clemency Proceedings
In his second claim, Ferguson alleges that his clemency proceeding did not comport with basic due process requirements because he was only afforded an incomplete proceeding in which he was incapable of participating. The circuit court found this claim time-barred and rejected Ferguson’s argument that the claim was not ripe until his death warrant was signed. The court noted that had the claim not been time-barred, Ferguson “may have been entitled to an evidentiary *366 hearing for the limited purpose of determining whether [Ferguson] received a ‘full clemency hearing’ within the meaning of [Johnston v. State, 27 So.3d 11 (Fla.2010) ] and Marek.... ” Based on our reasoning below, we find that the circuit court properly denied this claim.
Relating to timeliness, the trial court ruled that
The Defendant’s petition for writ of cer-tiorari was denied on June 1, 2010. Pursuant to Fla. R.Crim. P. 3.851(d)(1)(B), the Defendant should have raised this claim by June 1, 2011. The Defendant argues that clemency is only ripe and/or relevant “close to the time a death warrant is signed,” when the “snapshot” of the inmate is current and with a significant history on death row to evaluate. To that end, this Court notes that in describing clemency as a “fail-safe” the U.S. Supreme Court has recognized that it is a last resort after “judicial process has been exhausted.” Harbison v. Bell, 556 U.S. 180, 192 [129 S.Ct. 1481, 173 L.Ed.2d 347] (2009) (citing Herrera v. Collins, 506 U.S. 390, 411-12 [113 S.Ct. 853, 122 L.Ed.2d 203] (1993)). In this case, Mr. Ferguson had spent over thirty (30) years on death row at the time his appellate remedies had been exhausted. At that time this claim regarding clemency should have been raised.
We agree. Claims raised pursuant to rule 3.851 must meet either the timeliness requirements provided in section (d)(1) or the exceptions provided in section (d)(2). Ferguson has failed to do either. Accordingly, we find that the circuit court properly denied this claim.
Warrant Selection Process
In his third argument, Ferguson argues that, as applied, Florida’s death warrant selection process is unconstitutional. The circuit court found that Ferguson’s claims relating to the arbitrariness and lack of safeguards in the warrant selection process have been argued and rejected by the Florida Supreme Court. The circuit court found Ferguson’s claim that the State plays an improper role in the process without merit and insufficiently pleaded. Likewise, the circuit court found without merit Ferguson’s claim that the infrequency of execution renders it unconstitutional. Lastly, the circuit court denied Ferguson’s claim that the Governor’s discretion is “unfettered power” to determine the length of pre-execution incarceration and is unconstitutional. Because we have previously rejected similar claims, we find that the circuit court properly denied Ferguson’s present claim. See, e.g., Gore v. State, 91 So.3d 769, 779-80 (Fla.), cert. denied, — U.S. -, 132 S.Ct. 1904, 182 L.Ed.2d 661 (2012); Valle v. State, 70 So.3d 530, 551-52 (Fla.), cert. denied, — U.S. -, 132 S.Ct. 1, 180 L.Ed.2d 940 (2011).
Length of Time on Death Row
In his fourth issue on appeal, Ferguson alleges that his punishment is unconstitutional because he has been incarcerated on death row for over three decades. After acknowledging that Ferguson “has not filed frivolous or successive claims,” the circuit court denied this claim stating that no federal or state court “ ‘has accepted the argument that a prolonged stay on death row constitutes cruel and unusual punishment, especially where both parties bear responsibility for the long delay.’ ” (quoting Booker v. State, 969 So.2d 186, 200 (Fla.2007)). Because we have repeatedly rejected this claim for sentences of similar length, we find that the circuit court did not err by denying Ferguson’s claim. See Valle, 70 So.3d 530 (rejecting a claim that thirty-three years on death row constituted cruel and unusual punishment); Tompkins *367 v. State, 994 So.2d 1072, 1085 (Fla.2008) (rejecting a claim that twenty-three years on death row constituted cruel and unusual punishment.); Gore, 91 So.3d at 780-81 (rejecting claim that twenty-eight years on death row constituted cruel and unusual punishment); Lucas v. State, 841 So.2d 380, 388-89 (Fla.2003) (rejecting claim that twenty-five years on death row constituted cruel and unusual punishment); Foster v. State, 810 So.2d 910, 916 (Fla.2002) (rejecting claim that twenty-three years on death row constituted cruel and unusual punishment (citing Knight v. State, 746 So.2d 423, 437 (Fla.1998))); Rose v. State, 787 So.2d 786, 805 (Fla.2001) (holding as without merit a cruel and unusual punishment claim of a death row inmate under sentence of death since 1977).
Determination of Competency
In his final issue on appeal, Ferguson alleges that the circuit court improperly denied Ferguson’s 3.851(g) Motion for Determination of Competency. The State asserts that Ferguson is competent and that no evidence in the record supports his assertion that he is currently suffering from any mental illness. The circuit court found “Mr. Ferguson undoubtedly suffers from mental illness which is documented from the time prior to the murders committed in the above-referenced cases.” The court then found that it was possible “that the Defense would have been able to demonstrate a need for Mr. Ferguson’s competent input on exactly what his clemency process has involved.” However, because the court denied that claim as untimely, the court found that Ferguson could not meet his burden under rule 3.851(g). Because we find that each of the claims above was properly denied, we find that the circuit court did not err in denying Ferguson’s motion for competency determination.
In Carter v. State, 706 So.2d 873, 875 (Fla.1997), this Court adopted Justice Overton’s concurring view in Jackson v. State, 452 So.2d 533, 537 (Fla.1984) (Over-ton, J., specially concurring), and stated that “a trial court must hold a competency hearing in a postconviction proceeding only after a capital defendant shows there are specific factual matters at issue that require the defendant to competently consult with counsel.” Carter, 706 So.2d at 875 (citing Jackson, 452 So.2d at 537). Rule 3.851(g) was promulgated to adopt the ruling expressed in Carter. See Amendments to the Florida Rules of Criminal Procedure, 794 So.2d 457, 458 (Fla.2000) (adopting new subdivision 3.851(d) Incompetence to Proceed in Capital Collateral Proceedings) (renumbered to subdivision 3.851(g) in Amendments to Florida Rules of Criminal Procedure 3.851, 3.852, & 3.993 & Florida Rule of Judicial Administration 2.050, 797 So.2d 1213, 1221, 1231 (Fla.2001)). The circuit court correctly noted that, pursuant to this Court’s discussion in Carter and to rule 3.851(g), a competency evaluation is not necessary if “all collateral relief issues ... involve only matters of record and claims that do not require the prisoner’s input.... ” Fla. R.Crim. P. 3.851(g)(1). Such claims “shall proceed in collateral proceedings notwithstanding the prisoner’s incompetency.” Id. Accordingly, because we find that each of Ferguson’s claims was untimely and that the circuit court properly denied them, we also find that the circuit court properly denied Ferguson’s motion for competency determination.
CONCLUSION
Based on the foregoing, we affirm the circuit court’s order denying Ferguson’s second successive motion for postconviction relief and order denying Ferguson’s motion for competency hearing. No re *368 hearing will be entertained by this Court. The mandate shall issue immediately.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result.

.The claims Ferguson raised below are the same as raised here:
1. Florida’s execution protocol and the recent amendment thereto are invalid because they unconstitutionally delegate power from the Florida Legislature to the Florida Department of Corrections.
2. Florida's death warrant selection process is unconstitutional under the Eighth and Fourteenth Amendments to the United States Constitution.
3. Ferguson was unconstitutionally denied an opportunity to participate in his clemency investigation and proceedings.
4. Executing an inmate after keeping him on death row for thirty-four years violates the Eighth Amendment's prohibition against cruel and unusual punishment.

. In Malicoat v. State, 137 P.3d 1234 (Okla.Crim.App.2006), the Oklahoma Court of Criminal Appeals reviewed a claim that the Oklahoma lethal injection protocol violates the Eighth Amendment prohibition against cruel and unusual punishment. 137 P.3d at 1235. The court denied Malicoat’s request to stay his execution. Id. Like Florida, Oklahoma’s lethal injection protocol is established by statute but the specific method is determined by the Oklahoma Department of Corrections. Id. at 1236. The Oklahoma court found that Malicoat failed "to show that this protocol is facially unconstitutional.” Id.